IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSHUN COLUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-659-HE |
| | ) |
| STATE OF OKLAHOMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Roshun Colum, a state prisoner appearing *pro se* and *in forma pauperis*,[1] has sued under 42 U.S.C. § 1983[2] and the Court has authorized service on Defendants Irene Asai and Gary Corey.[3] However, the claims against the State of Oklahoma should be summarily dismissed based on its Eleventh Amendment immunity.

The Court must screen the complaint because Mr. Colum is proceeding *in forma pauperis* and is a prisoner seeking redress from a governmental entity. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a). In connection with this screening, the Court must dismiss any claim which "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii), 1915A(b)(2).

---

[1] *See* Order Granting Leave to Proceed *In Forma Pauperis* (June 13, 2012).

[2] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (June 8, 2012).

[3] Order Requiring Service (June 13, 2012).

In part, Mr. Colum has sued the State of Oklahoma for constitutional errors in a state court conviction. However, the Eleventh Amendment bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

An exception exists when the state waives Eleventh Amendment immunity or it is abrogated by Congress. *See Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). As a result, the State is entitled to summary dismissal based on immunity under the Eleventh Amendment.[4]

## Notice of the Right to Object

Mr. Colum can object to this report by filing an objection with the Clerk of this Court by July 9, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the recommended ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] The state's Eleventh Amendment immunity applies regardless of the type of relief being sought. *See Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 530 (1982) ("All suits against an unconsenting State - whether for damages or injunctive relief - are barred." (citation omitted)).

## **Docketing Instructions**

The referral has not been discharged.

Entered this 22nd day of June, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge